**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

GUY CLAYTON BARNES,
ADC #93209                                                                                     PLAINTIFF

2:10-cv-00101-JLH-JTK

ARKANSAS DEPARTMENT OF
CORRECTION, et al.                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

I.      **Introduction**

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No.

78).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 89), and Defendants filed a

Reply (Doc. No. 90).

Plaintiff Guy Clayton Barnes is a state inmate incarcerated at the Randall Williams

Correctional Facility of the Arkansas Department of Correction (ADC).  He filed this action against

Defendants pursuant to 42 U.S.C. § 1983, alleging failure to protect as a result of a workplace

accident which occurred while he was incarcerated at the East Arkansas Regional Unit (EARU) on

April 12, 2010.  Defendants are all employees at the EARU: Theaster Petty, the kitchen supervisor;

John Belken, the Deputy Warden; James Bell, the food service supervisor; and Danny Burl, the

Warden.  Plaintiff asks for damages from the Defendants.

According to his Amended Complaint (Doc. No. 7), Plaintiff was injured while working at

his kitchen job on April 12, 2010.  Defendant Petty instructed Plaintiff to wash out the food barrels

2

on the back dock and while cleaning the barrels, Plaintiff's right arm was burned by scalding hot water.  Plaintiff claims Defendant Petty had locked the door leading back into the kitchen, which prevented him from obtaining immediate medical attention until about forty-five minutes after the incident.  Plaintiff claims Defendant Petty did not properly train him on how to use the water hose to clean the food barrels, and failed to file the proper accident report in accordance with ADC regulations.   He alleges Defendant Belken failed to properly train and supervise Defendant Petty and that Defendant Bell failed to check the water temperature and ensure that Plaintiff received the proper protective gear while working in the kitchen.  Finally, he alleges Defendant Burl failed to ensure that the other Defendants properly trained Plaintiff at his job and failed to properly return Plaintiff's grievance appeal.

## II.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Webb, 144 F.3d at 1135, quoting Celotex, 477 U.S. at 324.  Although the facts are viewed in a light most favorable to the non-moving

party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

A.    **Defendants' Motion**

In support of their Motion, Defendants first state that Plaintiff's damages claims against them in their official capacities should be dismissed pursuant to sovereign immunity, citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989) and Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

Defendants next state that Plaintiff's Complaint should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, and the ADC grievance procedure, Administrative Directive (AD) 10-32. (Doc. No. 78-2.) The PLRA mandates complete and proper exhaustion of administrative remedies prior to filing a lawsuit pursuant to 42 U.S.C. § 1983, citing Jones v. Bock, 549 U.S. 199, 218 (2007), and Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

Defendants present the affidavit of Tiffanye Compton, the inmate grievance supervisor for the ADC, who states that AD 10-32 requires the filing of an informal grievance within fifteen days of the occurrence of the incident, and if the problem is not resolved, then the filing of a formal grievance.  (Doc. No. 78-1, p. 2.)  The Warden must respond to the formal grievance within twenty working days, unless an extension is granted, and if an inmate disagrees with his response, he may appeal to the appropriate Deputy Director within five working days of receiving the Warden's response. (Id.)  After reviewing her records, Ms. Compton states that Plaintiff filed one grievance relating to the incident on April 16, 2010, the Warden responded on May 4, 2010, and Plaintiff

submitted an untimely appeal on August 30, 2010.  (Id. at p. 3.)  Ms. Compton states Plaintiff's

grievance appeal was denied as untimely and for failing to include the necessary attachments.  (Id.)

Defendants also state that Plaintiff named only Defendant Petty in the grievance, while the ADC

grievance procedure requires that the inmate identify all personnel involved.  (AD 10-32.IV.E.2,

Doc. No. 78-2.)   Finally, Defendants note that Plaintiff also improperly filed this lawsuit on July

22, 2010, prior to receiving a final decision on his appeal, while the grievance procedure states that

inmates should exhaust grievances through all the necessary steps prior to filing a lawsuit.  (AD 10-

32.IV.N., Doc. No. 78-2.)

Defendants argue alternatively that Plaintiff fails to support an Eighth Amendment claim for

relief because he can not prove that they acted with deliberate indifference to his health and safety,

and because his claims against Burl, Belken and Bell are based on their supervisory positions only.

**B.      Plaintiff's Response**

Plaintiff first claims Defendants' Motion was untimely filed and that the Court's July 18,

2011 Order required all motions to be submitted by September 5, 2011.  He also states that "officials

have mis-lead and interfered with Plaintiff in his attempts to exhaust his remedies."  (Doc. No. 89,

p. 1.)

**C.      Defendants' Reply**

Defendants state their Motion was timely filed, because the Court's Scheduling Order of July

26, 2011 set a motions deadline of September 26, 2011, the date their Motion was filed.

Defendants also state that Plaintiff does not specifically identify which of them were

involved in interfering with his exhaustion attempts, when the interference occurred, the facts

surrounding the interference, or any other relevant information.  They state Plaintiff has the burden

of presenting evidence to show disputed material facts and that he must "set forth specific facts ...showing that there is a genuine issue for trial." <u>Ghane v. West</u>, 148 F.3d 979, 981 (8th Cir. 1998), and <u>Gregory v. City of Rogers, Arkansas</u>, 974 F.2d 1006, 1010 (8th Cir. 1992). Such proof also must include that Defendants thwarted the grievance process and rendered the administrative procedures unavailable to him. <u>Foulk v. Charrier</u>, 262 F.3d 687, 698 (8th Cir. 2001). Defendants state the undisputed facts show that Plaintiff was able to access the grievance procedure and failed to properly exhaust his administrative remedies.

       **D.**    **Analysis**

       According to the PLRA,

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), <u>held unconstitutional as applied on other grounds</u> in <u>Siggers-El v. Barlow</u>, 433 F.Supp.2d 811, 813 (E.D.Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, the United States Court of Appeals for the Eighth Circuit held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" <u>Chelette v. Harris</u>, 229 F.3d 684, 688 (8th Cir. 2000), quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000). In <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003), the Court

held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original.)   Finally, in <u>Jones v. Bock</u>, 549 U.S. at 218, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

According to the affidavit submitted by Defendants and a copy Plaintiff's grievance, Plaintiff filed the grievance on April 16, 2010, stating he was injured while working in the kitchen at the direction of Ms. Petty. (Doc. Nos. 78-1, pp. 1-5.)  Plaintiff received an acknowledgment of his grievance on April 23, 2010, and a response from Warden Burl on May 4, 2010. (<u>Id</u>.)  Although Plaintiff dated his appeal from that response on May 7, 2010, the acknowledgment of his appeal was filed on August 30, 2010 and his grievance was returned to him as untimely and for failure to include the unit level grievance form. (Doc. No. 78-1, pp. 7-8.)

The ADC grievance procedure clearly requires that when filing a grievance, an inmate list all personnel involved. AD 10-32.IV.E.2. In addition, the procedure also advises inmates that they "must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit....." AD 10-32.IV.N.  Case law further requires that the prison requirements define the boundaries of proper exhaustion, and that technical compliance with all administrative requirements for exhaustion is mandatory, requiring an inmate to comply with all the agency's deadlines and procedural rules. <u>Jones v. Bock,</u> 549 U.S. at 218, and <u>Woodford v. Ngo</u>, 548 U.S. 81, 92 (2006).

The Court finds Plaintiff failed to exhaust his administrative remedies in the following

respects: 1) he failed to name Defendants Burl, Belken and Bell in the grievance he filed; 2) he failed to timely appeal the Warden's decision to the Deputy Director, and therefore, a decision was not rendered on the merits of his appeal; and 3) he filed the present action prior to completely exhausting the administrative remedy process.  Although Plaintiff claims in his Response that officials interfered with his attempts to exhaust, he does not provide any specific facts as to which officials were involved or how they prevented him from timely filing his appeal.[1]

## III.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 78) be GRANTED and that Plaintiff's Complaint against Defendants be DISMISSED without prejudice.

IT IS SO ORDERED this 1st day of November, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The Court notes that although his appeal is dated May 7, 2010, it appears that the date was recorded with a different writing instrument and it is quite possible that Plaintiff dated the appeal after the fact.  In any event, Plaintiff does not claim that any particular person prevented that appeal from being processed or that he took any other actions between May 7 and August 30 to determine what happened to that appeal.

8